IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW DAVID MALONE, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-2759-D-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Andrew David Malone, Jr., a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed a Fed. R. Civ. P. 60(b)(1) motion seeking to correct a statement made in Respondent's preliminary response. *See* Dkt. No. 20. For the reasons stated herein, the application should be dismissed with prejudice on limitations grounds, and the Rule 60(b)(1) motion should be denied.

**Background**

On February 13, 1986, a Dallas County jury found Petitioner guilty of murder, and the trial judge sentenced him to life imprisonment. The conviction was affirmed on appeal. *See Malone v. State*, No. 05-86-00218-CR (Tex. App. – Dallas, June 29, 1987, pet. ref'd). Petitioner also filed an application for state post-conviction relief that was denied without written order. *See Ex parte Malone*, WR-74,365-02 (Tex. Crim. App. Nov. 24, 2010).

Petitioner filed this habeas action in federal district court on July 12, 2013. Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 17.[1] Petitioner filed an "objection" that the undersigned construes as a reply brief addressing Respondent's limitations defense. *See* Dkt. No. 19.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Respondent also urges that many of Petitioner's claims are unexhausted. *See* Dkt. No. 17 at 10-13. The Court need not address this defense, as all the claims are also time-barred.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

**Analysis**

Petitioner was found guilty of murder, his conviction was affirmed on direct appeal, and his petition for discretionary review was refused on February 10, 1988. Because Petitioner did not seek a writ of certiorari from the United States Supreme Court, his conviction became final for limitations purposes 90 days thereafter, on May 10, 1988. *See Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (finality is established by the expiration of the 90-day period to seek further review with the United States Supreme Court). The AEDPA and its one-year limitations period became effective when it was signed into law on April 24, 1996. *See United States v. Patterson,*

211 F.3d 927, 929 (5th Cir. 2000). The Fifth Circuit has therefore allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998); *see also Flanagan v. Johnson,* 154 F.3d 196, 202 (5th Cir. 1998) (clarifying that one-year grace period extends filing date to April 24, 1997).

Petitioner submitted his application for state post-conviction relief no earlier than October 31, 2007. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). The application was denied on November 24, 2010. *See Ex parte Malone*, WR-74,365-02 (Tex. Crim. App. Nov. 24, 2010). Petitioner then submitted this action for mailing to federal district court on July 12, 2013.

The AEDPA statute of limitations started to run on April 24, 1996, when the AEDPA was signed into law. The limitations period was not tolled during the pendency of Petitioner's state habeas petition because that application was filed more than one year after the limitations period had run. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). His federal habeas application is therefore untimely by over 16 years.

In response to the assertion of a limitations defense, Petitioner takes issue with a number of the dates submitted by Respondent. None of the dates are material to the timeliness of his federal habeas petition.

Petitioner also re-urges his underlying claims for habeas relief, including

ineffective assistance of counsel, that the trial court lacked jurisdiction, and that he acted in self-defense. *See* Dkt. No. 19. Petitioner's claim of ineffective assistance of counsel does not support equitable tolling because the limitations period did not begin until his conviction became final. At that point, Petitioner was no longer entitled to counsel, and he filed his habeas petition *pro se. See United States v. Petty,* 530 F.3d 361, 366 (5th Cir. 2008) ("ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings").

Petitioner specifically denies that he is asserting "actual innocence" to justify his untimely petition, stating:

> <u>Not</u> one time Petitioner said Petitioner was actually innocence. <u>No</u> were in the proceeding <u>or</u> the record. Petitioner object to actually innocence claim by the Assistant Attorney General Elizabeth Goettert is <u>Try to Use</u>.

*See* Dkt. No. 19 at 5. To the extent that the Court wishes – against Petitioner's express wishes – to consider his self-defense claim as one of actual innocence, his conclusory claim does not constitute "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error,'" *McQuiggin,* 133 S. Ct. at 1936 (quoting *Schlup,* 513 U.S. at 316). That is, Petitioner has not submitted evidence sufficient to persuade the Court, "'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" – such that the AEDPA's limitations period is overcome. *Id.* at 1928 (quoting *Schlup,* 513 U.S. at 329).

Without sufficient evidence of actual innocence or a basis for equitable tolling,

Petitioner's untimely writ must be dismissed.

In his Rule 60(b)(1) motion, Petitioner requests the Court correct Respondent's "clerical error" in claiming that Petitioner's state habeas writ was denied on November 24, 2010. *See* Dkt. No. 20. Petitioner incorrectly believes that his state habeas application was denied on October 1, 2010, when Respondent filed his response to Petitioner's state habeas application. *See* Dkt. No. 15-7 at 46. However, the Court of Criminal Appeals indeed denied Petitioner's state habeas application on November 24, 2010. *See id.* at 2. In any case, Rule 60(b) permits the Court to provide relief from a final judgment or order that it has issued. Petitioner's motion seeks to correct an alleged error in a pleading by an opposing party. That is not the purpose of Rule 60(b). Therefore, the motion should be denied.

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations. Petitioner's Rule 60 motion [Dkt. No. 20] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 19, 2013

                                          _____
                                          DAVID L. HORAN
                                          UNITED STATES MAGISTRATE JUDGE